**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

PABLO ENRIQUE RAMOS-TORRES,
                Appellant,

        v.

DEPARTMENT OF VETERANS
   AFFAIRS,
                Agency.

DOCKET NUMBER
NY-315H-17-0040-I-1

DATE: June 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Pablo Enrique Ramos-Torres</u>, Vega Baja, Puerto Rico, pro se.

<u>Ana M. Margarida</u>, San Juan, Puerto Rico, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his probationary termination appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2   The appellant appealed the agency's action terminating him from his GS-07 Legal Administrative Specialist position for unacceptable conduct during his probationary period. Initial Appeal File (IAF), Tab 1 at 1, 3, 6-9. He did not request a hearing. *Id.* at 2. He contended that the agency committed harmful error in deciding to terminate him, that the decision was based on a prohibited personnel practice, and that it was not in accordance with law. *Id.* at 3. The administrative judge gave the appellant notice of the elements and burdens he must meet to establish jurisdiction over his probationary termination appeal. IAF, Tab 2. In his response, the appellant argued that the agency committed harmful error because it removed him in less than 2 hours and failed to give him the procedural protections set forth in 5 C.F.R. § 315.805. IAF, Tab 3 at 5-7. He argued that a collective bargaining agreement required the agency to give him those procedural protections as well as counseling regarding his allegedly unsatisfactory performance. *Id.* The agency responded in opposition to the appellant's appeal. IAF, Tab 5.

¶3   The administrative judge issued an initial decision, dismissing the appeal for lack of jurisdiction and finding that the appellant did not meet the statutory definition of an "employee" under 5 U.S.C. § 7511(a)(1)(A)(i) with appeal rights to the Board.  IAF, Tab 8, Initial Decision (ID) at 4.  He also found that the appellant failed to show, or even allege, that he had completed the 1 year of current, continuous service under other than a temporary appointment required for the Board to have jurisdiction over the appeal under 5 U.S.C. § 7511(a)(1)(A)(ii).[2]  ID at 4-5.  The administrative judge further found that the Board lacked jurisdiction over the appeal under 5 C.F.R. § 315.806(b) because the appellant failed to make a nonfrivolous allegation that his termination was based on partisan political reasons or marital status discrimination, or that his termination was based in whole or in part on a preappointment reason such that he was entitled to, but failed to receive, the procedural protections set forth in 5 C.F.R. § 315.805.  ID at 5-6.  The administrative judge also rejected the appellant's claims that the agency committed harmful error or engaged in a prohibited personnel practice, finding that neither claim was an independent source of Board jurisdiction.  ID at 6-7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4   In his petition for review, the appellant argues that the agency terminated him for preappointment reasons and failed to afford him the procedural

---

[2] Before the appellant's September 2016 appointment to the position at issue, IAF, Tab 3 at 21, 26, Congress enacted the National Defense Authorization Act for Fiscal Year 2016 (2016 NDAA) on November 25, 2015, Pub. L. No. 114-92, 129 Stat. 726. The 2016 NDAA amended the definition of an "employee" under 5 U.S.C. § 7511(a)(1)(A)(ii). Pub. L. No. 114-93, §1105, 129 Stat. at 1023-24. This amendment affects individuals appointed to permanent positions in the competitive service at the Department of Defense; section 7511(a)(1)(A)(ii) is unchanged as it pertains to the appellant. *See id.* Thus, the administrative judge's citing to the previous version of the provision is harmless error. IAF, Tab 2 at 3 n.3; ID at 2; *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (explaining that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

protections set forth in 5 C.F.R. § 315.805, which he claims violated his right to due process. Petition for Review (PFR) File, Tab 1 at 4-5. We disagree. The record reflects that the agency terminated the appellant during his probationary period for postappointment reasons. IAF, Tab 1 at 7-9. It is undisputed that the agency appointed the appellant to his position on September 4, 2016, subject to a 1-year probationary period. *Id.* at 7. Subsequently, on November 3, 2016, before the end of his probationary period, the agency terminated him for unacceptable conduct that took place during an altercation on October 24, 2016. *Id.*; IAF, Tab 3 at 29.

¶5        To the extent that the appellant continues to argue that he was terminated for preappointment reasons due to his status as a law school graduate, we agree with the administrative judge that the appellant failed to nonfrivolously allege that he was terminated because of a condition arising before his appointment. ID at 5-6. As the administrative judge properly explained, the Board distinguishes between a preexisting condition and the effect that condition has on an employee's performance during his probationary period. ID at 6; *see, e.g.*, *Von Deneen v. Department of Transportation*, 33 M.S.P.R. 420, 423, *aff'd*, 837 F.2d 1098 (Fed. Cir. 1987). Thus, even if the appellant's status as a law school graduate indirectly caused or contributed to the October 24, 2016 altercation, the agency ultimately terminated him for his conduct during the altercation and not his law school degree. *See Rivera v. Department of the Navy*, 114 M.S.P.R. 52, ¶ 8 (2010) (finding that the appellant's failure to secure approval for a Government credit card, even if attributable to preappointment credit problems, constituted a postappointment reason for termination).

¶6        Concerning the appellant's argument regarding the agency's alleged violation of the collective bargaining agreement, we agree with the administrative judge that the Board lacks jurisdiction over this matter absent an otherwise appealable action. ID at 6-7; *see Hurston v. Department of the Army*, 113 M.S.P.R. 34, ¶ 11 (2010) (finding that, because the Board has no jurisdiction

over the probationary termination appeal, the Board also has no independent jurisdiction to adjudicate the appellant's discrimination and harmful error claims).

¶7        Finally, the appellant notes several errors in the initial decision, such as typographical errors (e.g., citing 5 U.S.C. § 7313(b) rather than 5 U.S.C. § 7513(b)) and the occasional use of the wrong gender when referring to the appellant.  PFR File, Tab 1 at 5-6.  However, none of these errors provide a basis for disturbing the administrative judge's decision to dismiss the appeal for lack of jurisdiction.  *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).  Similarly, the appellant's contentions concerning the statements of a colleague regarding the appellant's law degree do not establish that the agency terminated him for preappointment reasons or cast doubt on the administrative judge's analysis of the appeal.  ID at 5.  Accordingly, we deny the appellant's petition for review.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

---

[4]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            /s/ for
_____
                          Jennifer Everling
                          Acting Clerk of the Board
Washington, D.C.